THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RACHEL NELSON, as the Personal Representative and Special Administrator of the Estate of DANIEL NELSON, Deceased, | ) ) ) ) ) |
| Plaintiff, | ) Case No. ) |
| v. | ) JURY TRIAL DEMANDED ) |
| CASEY HORNER, individually; SOLUTIONSNMOTION, INC., an Illinois Corporation; NELS PETER CHRISTENSEN, individually; and THOMPSON LEASING, LLC, an Iowa Limited Liability Company, d/b/a THOMPSON IDEALEASE, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Rachel Nelson, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased, by and through her undersigned counsel, submits this complaint against Defendant Casey Horner, Defendant Solutionsnmotion, Inc, Defendant Nels Peter Christensen, and Defendant Thompson Leasing, LLC, d/b/a Thompson Idealease.

### INTRODUCTION

1.  This is a personal injury death case arising out of a fatal collision that occurred on October 11, 2016, on Illinois Route 40 near 1800 N. Avenue in Bureau County, Illinois. On this date in the mid-afternoon, Defendant Casey Horner negligently caused his semi-trailer truck to enter the wrong lane of traffic and collide with a pickup truck being driven by Decedent Daniel Nelson, causing his death. At the time of his death, Decedent Daniel Nelson was 29 years old (DOB 8/18/87), was married to Rachel Nelson (married 8/31/13), and was a first-time father to 6-month-old daughter, Sadie Nelson (DOB 3/28/16).

2. This action is brought pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/.01 *et seq.*, for the benefit of the widow Rachel Nelson, as Decedent's surviving spouse, and Sadie Nelson, Decedent's sole child and next of kin, seeking pecuniary injuries resulting from Daniel's death, including but not necessarily limited to damages for grief, sorrow, mental suffering, as well as loss of future companionship, services, protection, care, income, assistance, society, comfort, guidance, counsel, and advice.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Rachel Nelson is a natural person who is domiciled in the State of California and currently resides in, and is a citizen of, Santa Margarita, California.

4. Sadie Nelson is a natural person who is domiciled in the State of California and currently resides in, and is a citizen of, Santa Margarita, California.

5. Defendant Casey Horner ("Horner") is a natural person who, upon information and belief, is domiciled in, and is a citizen of, Bureau County, Illinois.

6. Defendant Solutionsnmotion, Inc. ("Solutions") is an Illinois corporation and citizen of Illinois. Upon information and belief, Solutions is based in Bureau County, Illinois and has its principal place of business in Bureau County, Illinois.

7. Defendant Nels Peter Christensen ("Christensen") is a natural person who, upon information and belief, is domiciled in, and is a citizen of, Bureau County, Illinois.

8. Defendant Thompson Leasing, LLC, d/b/a Thompson Idealease ("Thompson Idealease") is an Iowa limited liability company and citizen of Iowa. Upon information and belief, Thompson Idealease conducts significant business in Bureau County, Illinois.

9. Pursuant to 28 U.S.C. §1332(a)(1), this Court possesses jurisdiction over this civil action because the amount in controversy far exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

10. Pursuant to 28 USC §1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to Plaintiff's claim, including the fatal motor carrier crash, occurred in this district.

## COUNT 1
### (Wrongful Death: Negligence Against Horner)

11. On October 11, 2016, in the early afternoon hours, Decedent Daniel Nelson was driving a pickup truck southbound on Illinois Route 40 at approximately 1800 N Ave in Bureau County, Illinois.

12. On October 11, 2016, in the early afternoon hours, Defendant Horner was driving a semi-trailer truck, under USDOT Number 2941299, northbound on Illinois Route 40 at approximately 1800 N Ave in Bureau County, Illinois.

13. At all pertinent times, Decedent Daniel Nelson exercised ordinary care and caution for his own safety and person while operating his pickup truck.

14. It then and there became and was the duty of Defendant Horner to operate said semi-trailer truck with due care and caution so as not to cause injuries and/or damages to others, including Decedent Daniel Nelson, and to operate said semi-trailer truck in accordance with the statutes and laws of the State of Illinois and applicable federal regulations and laws, for the safety and protection of Decedent Daniel Nelson and others then and there present.

15. In disregarding the aforesaid duties, Defendant Horner was then and there guilty of one or more of the following negligent acts, omissions, and breaches:

> (a) Proceeding at an excessive and/or dangerous speed, contrary to and in violation of Illinois law, including 625 ILCS 5/11-601, and 49 C.F.R. §392.2;
>
> (b) Failing to reduce speed to avoid a collision, contrary to and in violation of Illinois law, including 625 ILCS 5/11-601, and 49 C.F.R. §392.2;
>
> (c) Failing to remain in his lane of traffic and entering the lane of oncoming traffic, contrary to and in violation of Illinois law, including 625 ILCS

5/11-709, and 49 C.F.R. §392.2;

(d) Failing to maintain a proper and sufficient lookout for the traffic in front of him, contrary to and in violation of Illinois law, , including 625 ILCS 5/11-601, and 49 C.F.R. §392.2;

(e) Being unduly distracted and failing to pay proper attention while driving, contrary to and in violation of Illinois law, including 625 ILCS 5/12-610.2, and 49 C.F.R. §392.2;

(f) Following the vehicle(s) in front of him more closely than reasonable or prudent, contrary to and in violation of Illinois law, including 625 ILCS 5/11-601, and 49 C.F.R. §392.2;

(g) Failing to take evasive action or otherwise give a timely warning, contrary to and in violation of Illinois law, including 625 ILCS 5/12-601, and 49 C.F.R. §392.2;

(h) Failing to provide safe and adequate transportation service, contrary to and in violation of 49 U.S.C. §14101(a); and

(i) Being otherwise careless and/or negligent by striking Decedent Nelson's pickup truck.

16. As a direct and proximate result of one or more of the foregoing careless and negligent acts and breaches, the semi-trailer truck operated by Defendant Horner collided into the pickup truck operated by Decedent Daniel Nelson, causing Decedent's severe injuries and death on October 11, 2016.

17. While being interviewed by the police shortly after the fatal collision, Defendant Horner expressed concern because he had "smoked some weed about 3 weeks ago" (which was a violation of his conditions of bond in a felony prosecution for aggravated sexual assault of a minor, then-pending in Henry County, Illinois). At this time, Defendant Horner further expressed concern that alcohol he drank the night before the collision might still be in his system.

18. At the time of his death, Decedent Daniel Nelson was survived by his wife, Rachel Nelson, and six-month-old daughter, Sadie Nelson, both of whom sustained severe personal and pecuniary loss as a result of the death of Decedent Daniel Nelson, including but not necessarily

4

limited to damages for grief, sorrow, mental suffering, as well as loss of future companionship, services, protection, care, income, assistance, society, comfort, guidance, counsel, and advice.

19. Plaintiff Rachel Nelson, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased, brings this claim pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/.01 *et seq.*, commonly known as the Wrongful Death Act of the State of Illinois.

WHEREFORE, Plaintiff Rachel Nelson, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased, seeks judgment for the exclusive benefit of herself, as Decedent's surviving spouse, and Decedent's sole next of kin and daughter, Sadie Nelson, against Defendant Horner in an amount in excess of the minimum amount required for jurisdiction in this Court and for other relief deemed appropriate by the Court.

## COUNT 2
### (Wrongful Death: Respondeat Superior Against Solutions & Christensen)

20. Plaintiff Rachel Nelson realleges and repleads all of the allegations set forth in paragraphs 1-19 as if fully set forth in this paragraph and Count.

21. On and before October 11, 2016, Defendant Christensen owned a farming business in Bureau County, Illinois.

22. On and before October 11, 2016, Defendant Christensen acted as the President, and upon information and belief, was an owner, of Defendant Solutions, which is a company that operates as an interstate motor carrier of grain, feed, and hay under USDOT Number 2941299.

23. Prior to October 11, 2016, Defendant Solutions and/or Defendant Christensen hired and retained Defendant Horner to work as a farm laborer and operate a semi-trailer truck on October 11, 2016, in the capacity of agent, servant, and/or employee of Defendant Solutions and/or Defendant Christensen.

24. At all pertinent times, Defendant Solutions and/or Defendant Christensen were vicariously liable for all negligent acts or omissions committed by their agent, servant, and/or

employee Defendant Horner while acting within the scope of his duties.

25. On October 11, 2016, Defendant Horner was acting within the scope of his duties as the agent, servant, and/or employee of Defendant Solutions and/or Defendant Christensen while recklessly and/or negligently driving the semi-trailer truck that collided with Decedent Nelson's pickup truck and caused Decedent Nelson's death.

26. Upon information and belief, Defendant Solutions and Defendant Christensen are alter egos of each other in that there is such a unity of interest between them that the separate personalities of entity and shareholder/owner do not exist.

WHEREFORE, Plaintiff Rachel Nelson, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased, seeks judgment for the exclusive benefit of herself, as Decedent's surviving spouse, and Decedent's sole next of kin and daughter, Sadie Nelson, against Defendant Solutions and Defendant Christensen in an amount in excess of the minimum amount required for jurisdiction in this Court and for other relief deemed appropriate by the Court.

### COUNT 3
**(Wrongful Death: Negligent Entrustment Against Solutions & Christensen)**

27. Plaintiff Rachel Nelson realleges and repleads all of the allegations set forth in paragraphs 1-19 as if fully set forth in this paragraph and Count.

28. On and before October 11, 2016, Defendant Christensen owned a farming business in Bureau County, Illinois.

29. On and before October 11, 2016, Defendant Christensen acted as the President, and upon information and belief, was an owner, of Defendant Solutions, which is a company that operates as an interstate motor carrier of grain, feed, and hay under USDOT Number 2941299.

30. Upon information and belief, Defendant Solutions and Defendant Christensen are alter egos of each other in that there is such a unity of interest between them that the separate

6

personalities of entity and shareholder/owner do not exist.

31.  Prior to October 11, 2016, Defendant Solutions and/or Defendant Christensen retained and entrusted Defendant Horner to operate a semi-trailer truck on October 11, 2016, on their behalf.

32.  It was then and there the duty of Defendant Solutions and Defendant Christensen to deny the entrustment of a semi-trailer truck to a driver, hired on their behalf, who they knew, or by the exercise of reasonable diligence could have known, was incompetent or unfit to drive, given all of the circumstances.

33.  Pursuant to 49 C.F.R. §391.25, it was then and there the duty of Defendant Solutions and Defendant Christensen to also conduct an annual inquiry and review of Defendant Horner's overall driving record, his regard for the public's safety, involvement in motor vehicle accidents, and violations of traffic, criminal, and other laws.

34.  In disregarding the aforesaid duties, Defendant Solutions and Defendant Christensen, and each of them, were then and there guilty of one or more of the following negligent acts and omissions and breaches by entrusting a semi-trailer truck to Defendant Horner, on their behalf, even though they knew, or by the exercise of reasonable diligence could have known, that Defendant Horner was particularly unfit to be entrusted with a semi-trailer truck given his habitual disregard for the rule of law, to wit:

   (a) In 1996, pleading guilty and being convicted in Henry County, Illinois for driving his motor vehicle 11-14 mph over the posted speed limit;

   (b) In 1998, pleading guilty and being convicted in Henry County, Illinois for driving his motor vehicle 15-20 mph over the posted speed limit;

   (c) In 2006, pleading guilty and being convicted in Henry County, Illinois for operating a motor vehicle without insurance;

   (d) In 2008, having body attachment issued for failing to pay child support;

(e) In 2009, being sentenced to 30 days in custody for failing to pay child support before paying in full on the morning his sentence was to begin;

(f) In 2009, being ticketed in Henry County, Illinois for driving his motor vehicle 15-20 mph over the speed limit;

(g) In 2011, being ticketed in Henry County, Illinois for not wearing a seat belt while operating a motor vehicle; bench warrant issued for failure to appear; guilty plea entered;

(h) In 2012, being arrested in Marshall County, Illinois for leaving the scene of an accident, failing to report property damage, hit and run, improper lane usage, failure to give notice, and failure to reduce speed;

(i) In 2012, being convicted in the Marshall County, Illinois case for failing to stop/exchange information and report property damage after a motor vehicle accident;

(j) Between November 2012 and November 2013, having his commercial driver's license ("CDL") suspended for one year for being convicted of knowingly/willing leaving the scene of accident while holding a CDL;

(k) In 2013, being arrested and convicted in Henry County, Illinois for operating an uninsured motor vehicle;

(l) In 2013, having a bench warrant issued for failure to appear in the 2013 Henry County, Illinois case for operating a motor vehicle without insurance;

(m) Between February 2013 and April 2015, having his driver's license suspended for over two years for being convicted in Henry County, Illinois of operating an uninsured motor vehicle;

(n) In 2014, being arrested and charged in Henry County, Illinois with aggravated sexual assault of a minor; bond set at $50,000 with various conditions of bond pending trial, which trial was continued from time to time through the October 11, 2016 fatality at issue here and was still pending in July 2017 as of the filing of this complaint;

(o) In August 2015, filing by Petitioner RB of stalking/no contact petition against Defendant Horner;

(p) In October 2015, filing by Petitioner LS of emergency stalking/no contact petition against Defendant Horner, petition granted, order entered;

(q) In October 2015, filing by Petitioner RB of stalking/no contact petition against Defendant Horner, petition granted, order entered;

(r) In November 2015, filing by State of Illinois of complaint against Defendant Horner for violating stalking/no contact order, in proceeding 2015 CM 317;

(s) In February 2016, having a bench warrant issued for failing to appear in Court for alleged violation of stalking/no contact order;

(t) In April 2016, filing by Petitioner LS of stalking/no contact petition, petition granted, order entered;

(u) In August 2016, pleading guilty to violation of stalking/no contact order in November 2015; fines and costs assessed, time served, conditional discharge for 1 year to expire August 16, 2017; and

(v) Being a known user of illegal narcotics, including admitting to police after the fatal crash of Decedent Daniel Nelson on October 11, 2016 that he had "smoked some weed about 3 weeks ago" (which was a violation of his conditions of bond in a felony prosecution for the aggravated sexual assault of a minor, then-pending in Henry County, Illinois).

35. As a direct and proximate result of Defendant Solutions and Defendant Christensen negligently entrusting Defendant Horner with a semi-trailer truck and his particular unfitness to be so entrusted, Defendant Horner caused his motor vehicle to collide into the pickup truck operated by Decedent Daniel Nelson, causing Decedent's severe injuries and death on October 11, 2016.

36. At the time of his death, Decedent Daniel Nelson was survived by his wife, Rachel Nelson, and six-month-old daughter, Sadie Nelson, both of whom sustained severe personal and pecuniary loss as a result of the death of Decedent Daniel Nelson, including but not necessarily limited to damages for grief, sorrow, mental suffering, as well as loss of future companionship, services, protection, care, income, assistance, society, comfort, guidance, counsel, and advice.

37. Plaintiff Rachel Nelson, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased, brings this claim pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/.01 *et seq.*, commonly known as the Wrongful Death Act of the State of Illinois.

WHEREFORE, Plaintiff Rachel Nelson, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased, seeks judgment for the exclusive benefit of herself, as Decedent's surviving spouse, and Decedent's sole next of kin and daughter, Sadie Nelson, against Defendant Solutions and Defendant Christensen in an amount in excess of the minimum amount required for jurisdiction in this Court and for other relief deemed appropriate by the Court.

## COUNT 4
### (Wrongful Death: Negligent Supervision/Review Against Solutions & Christensen)

38. Plaintiff Rachel Nelson realleges and repleads all of the allegations set forth in paragraphs 1-19 as if fully set forth in this paragraph and Count.

39. On and before October 11, 2016, Defendant Christensen owned a farming business in Bureau County, Illinois.

40. On and before October 11, 2016, Defendant Christensen acted as the President, and upon information and belief, was an owner, of Defendant Solutions, which is a company that operates as an interstate motor carrier of grain, feed, and hay under USDOT Number 2941299.

41. Upon information and belief, Defendant Solutions and Defendant Christensen are alter egos of each other in that there is such a unity of interest between them that the separate personalities of entity and shareholder/owner do not exist.

42. Prior to October 11, 2016, Defendant Solutions and/or Defendant Christensen retained and entrusted Defendant Horner to operate a semi-trailer truck on October 11, 2016, on their behalf.

43. Pursuant to 49 C.F.R. §391.25, it was then and there the duty of Defendant Solutions and Defendant Christensen to conduct an annual inquiry and review of Defendant Horner's overall driving record, his regard for the public's safety, involvement in motor vehicle accidents, and violations of traffic, criminal, and other laws.

44. In disregarding this duty, Defendant Solutions and Defendant Christensen, and each of them, was then and there guilty of one or more of the following negligent acts and omissions and breaches by, upon information and belief, failing to conduct a reasonable and required annual inquiry and review of Defendant Horner's overall driving record to discover Defendant Horner's disregard for the public's safety, involvement in other motor vehicle accidents, violations of traffic, criminal, and other laws and particular unfitness to drive a semi-trailer truck, including:

   (a) In 1996, pleading guilty and being convicted in Henry County, Illinois for driving his motor vehicle 11-14 mph over the posted speed limit;

   (b) In 1998, pleading guilty and being convicted in Henry County, Illinois for driving his motor vehicle 15-20 mph over the posted speed limit;

   (c) In 2006, pleading guilty and being convicted in Henry County, Illinois for operating a motor vehicle without insurance;

   (d) In 2008, having body attachment issued for failing to pay child support;

   (e) In 2009, being sentenced to 30 days in custody for failing to pay child support before paying in full on the morning his sentence was to begin;

   (f) In 2009, being ticketed in Henry County, Illinois for driving his motor vehicle 15-20 mph over the speed limit;

   (g) In 2011, being ticketed in Henry County, Illinois for not wearing a seat belt while operating a motor vehicle; bench warrant issued for failure to appear; guilty plea entered;

   (h) In 2012, being arrested in Marshall County, Illinois for leaving the scene of an accident, failing to report property damage, hit and run, improper lane usage, failure to give notice, and failure to reduce speed;

   (i) In 2012, being convicted in the Marshall County, Illinois case for failing to stop/exchange information and report property damage after a motor vehicle accident;

   (j) Between November 2012 and November 2013, having his commercial driver's license ("CDL") suspended for one year for being convicted of knowingly/willing leaving the scene of accident while holding a CDL;

(k) In 2013, being arrested and convicted in Henry County, Illinois for operating an uninsured motor vehicle;

(l) In 2013, having a bench warrant issued for failure to appear in the 2013 Henry County, Illinois case for operating a motor vehicle without insurance;

(m) Between February 2013 and April 2015, having his driver's license suspended for over two years for being convicted in Henry County, Illinois of operating an uninsured motor vehicle;

(n) In 2014, being arrested and charged in Henry County, Illinois with aggravated sexual assault of a minor; bond set at $50,000 with various conditions of bond pending trial, which trial was continued from time to time through the October 11, 2016 fatality at issue here and was still pending in July 2017 as of the filing of this complaint;

(o) In August 2015, filing by Petitioner RB of stalking/no contact petition against Defendant Horner;

(p) In October 2015, filing by Petitioner LS of emergency stalking/no contact petition against Defendant Horner, petition granted, order entered;

(q) In October 2015, filing by Petitioner RB of stalking/no contact petition against Defendant Horner, petition granted, order entered;

(r) In November 2015, filing by State of Illinois of complaint against Defendant Horner for violating stalking/no contact order, in proceeding 2015 CM 317;

(s) In February 2016, having a bench warrant issued for failing to appear in Court for alleged violation of stalking/no contact order;

(t) In April 2016, filing by Petitioner LS of stalking/no contact petition, petition granted, order entered;

(u) In August 2016, pleading guilty to violation of stalking/no contact order in November 2015; fines and costs assessed, time served, conditional discharge for 1 year to expire August 16, 2017; and

(v) Being a known user of illegal narcotics, including admitting to police after the fatal crash of Decedent Daniel Nelson on October 11, 2016 that he had "smoked some weed about 3 weeks ago" (which was a violation of his conditions of bond in a felony prosecution for the aggravated sexual assault of a minor, then-pending in Henry County, Illinois).

12

45. As a direct and proximate result of one or more of the foregoing careless and negligent acts and breaches, Defendant Solutions and Defendant Christensen, and each of them, unreasonably entrusted, and continued to entrust, Defendant Horner to operate a semi-trailer truck on their behalf, which collided into the pickup truck operated by Decedent Daniel Nelson, and caused Decedent's severe injuries and death on October 11, 2016.

46. At the time of his death, Decedent Daniel Nelson was survived by his wife, Rachel Nelson, and six-month-old daughter, Sadie Nelson, both of whom sustained severe personal and pecuniary loss as a result of the death of Decedent Daniel Nelson, including but not necessarily limited to damages for grief, sorrow, mental suffering, as well as loss of future companionship, services, protection, care, income, assistance, society, comfort, guidance, counsel, and advice.

47. Plaintiff Rachel Nelson, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased, brings this claim pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/.01 *et seq.*, commonly known as the Wrongful Death Act of the State of Illinois.

WHEREFORE, Plaintiff Rachel Nelson, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased, seeks judgment for the exclusive benefit of herself, as Decedent's surviving spouse, and Decedent's sole next of kin and daughter, Sadie Nelson, against Defendant Solutions and Defendant Christensen in an amount in excess of the minimum amount required for jurisdiction in this Court and for other relief deemed appropriate by the Court.

### COUNT 5
### (Wrongful Death: Negligent Entrustment Against Thompson Idealease)

48. Plaintiff Rachel Nelson realleges and repleads all of the allegations set forth in paragraphs 1-19 as if fully set forth in this paragraph and Count.

49. On and before October 11, 2016, Defendant Thompson Idealease was in the business of renting and leasing commercial vehicles it owned, including semi-trailer trucks.

50. In or September and October 2016, Defendant Solutions and Defendant Christensen executed rental agreements with Defendant Thompson Idealease for the rental of a 2016 International Prostar tractor truck, vehicle No. R1781DL, Serial No. 3HSDJAPR3GN180060, which Defendant Horner subsequently crashed on October 11, 2016 into Decedent Daniel Nelson's pickup truck, causing Decedent Daniel Nelson severe injuries and death.

51. On the parties' September and October 2016 executed rental agreements, the driver's name was identified alternatively as either "*On File*" or "*See Copy on File*" with Defendant Thompson Idealease.

52. It was then and there the duty of Defendant Thompson Idealease, as the owner of the motor vehicle in question, to deny the entrustment of its semi-trailer truck to a driver they knew, or by the exercise of reasonable diligence could have known, was incompetent or unfit to drive, given all of the circumstances.

53. In disregarding the aforesaid duties, Defendant Thompson Idealease was then and there guilty of one or more of the following negligent acts and omissions and breaches by entrusting its semi-trailer truck to Defendant Horner even though they knew, or by the exercise of reasonable diligence could have known, that Defendant Horner was particularly unfit to be entrusted with a semi-trailer truck given his habitual disregard for the rule of law, to wit:

   (a) In 1996, pleading guilty and being convicted in Henry County, Illinois for driving his motor vehicle 11-14 mph over the posted speed limit;

   (b) In 1998, pleading guilty and being convicted in Henry County, Illinois for driving his motor vehicle 15-20 mph over the posted speed limit;

   (c) In 2006, pleading guilty and being convicted in Henry County, Illinois for operating a motor vehicle without insurance;

   (d) In 2008, having body attachment issued for failing to pay child support;

14

(e) In 2009, being sentenced to 30 days in custody for failing to pay child support before paying in full on the morning his sentence was to begin;

(f) In 2009, being ticketed in Henry County, Illinois for driving his motor vehicle 15-20 mph over the speed limit;

(g) In 2011, being ticketed in Henry County, Illinois for not wearing a seat belt while operating a motor vehicle; bench warrant issued for failure to appear; guilty plea entered;

(h) In 2012, being arrested in Marshall County, Illinois for leaving the scene of an accident, failing to report property damage, hit and run, improper lane usage, failure to give notice, and failure to reduce speed;

(i) In 2012, being convicted in the Marshall County, Illinois case for failing to stop/exchange information and report property damage after a motor vehicle accident;

(j) Between November 2012 and November 2013, having his commercial driver's license ("CDL") suspended for one year for being convicted of knowingly/willing leaving the scene of accident while holding a CDL;

(k) In 2013, being arrested and convicted in Henry County, Illinois for operating an uninsured motor vehicle;

(l) In 2013, having a bench warrant issued for failure to appear in the 2013 Henry County, Illinois case for operating a motor vehicle without insurance;

(m) Between February 2013 and April 2015, having his driver's license suspended for over two years for being convicted in Henry County, Illinois of operating an uninsured motor vehicle;

(n) In 2014, being arrested and charged in Henry County, Illinois with aggravated sexual assault of a minor; bond set at $50,000 with various conditions of bond pending trial, which trial was continued from time to time through the October 11, 2016 fatality at issue here and was still pending in July 2017 as of the filing of this complaint;

(o) In August 2015, filing by Petitioner RB of stalking/no contact petition against Defendant Horner;

(p) In October 2015, filing by Petitioner LS of emergency stalking/no contact petition against Defendant Horner, petition granted, order entered;

15

(q) In October 2015, filing by Petitioner RB of stalking/no contact petition against Defendant Horner, petition granted, order entered;

(r) In November 2015, filing by State of Illinois of complaint against Defendant Horner for violating stalking/no contact order, in proceeding 2015 CM 317;

(s) In February 2016, having a bench warrant issued for failing to appear in Court for alleged violation of stalking/no contact order;

(t) In April 2016, filing by Petitioner LS of stalking/no contact petition, petition granted, order entered;

(u) In August 2016, pleading guilty to violation of stalking/no contact order in November 2015; fines and costs assessed, time served, conditional discharge for 1 year to expire August 16, 2017; and

(v) Being a known user of illegal narcotics, including admitting to police after the fatal crash of Decedent Daniel Nelson on October 11, 2016 that he had "smoked some weed about 3 weeks ago" (which was a violation of his conditions of bond in a felony prosecution for the aggravated sexual assault of a minor, then-pending in Henry County, Illinois), and expressing additional concern that alcohol he drank the night before the collision might still be in his system.

54. As a direct and proximate result of Defendant Thompson Idealease negligently entrusting Defendant Horner with its semi-trailer truck and his particular unfitness to be so entrusted, Defendant Horner caused his motor vehicle to collide into the pickup truck operated by Decedent Daniel Nelson, causing Decedent's severe injuries and death on October 11, 2016.

55. At the time of his death, Decedent Daniel Nelson was survived by his wife, Rachel Nelson, and six-month-old daughter, Sadie Nelson, both of whom sustained severe personal and pecuniary loss as a result of the death of Decedent Daniel Nelson, including but not necessarily limited to damages for grief, sorrow, mental suffering, as well as loss of future companionship, services, protection, care, income, assistance, society, comfort, guidance, counsel, and advice.

56. Plaintiff Rachel Nelson, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased, brings this claim pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/.01 *et seq.*, commonly known as the Wrongful Death Act of the State of Illinois.

WHEREFORE, Plaintiff Rachel Nelson, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased, seeks judgment for the exclusive benefit of herself, as Decedent's surviving spouse, and Decedent's sole next of kin and daughter, Sadie Nelson, against Defendant Thompson Idealease in an amount in excess of the minimum amount required for jurisdiction in this Court and for other relief deemed appropriate by the Court.

        Respectfully Submitted,

        KULWIN, MASCIOPINTO & KULWIN, LLP

By: _____
        One of Plaintiff's Attorneys
        Counsel for Plaintiff

Anthony J. Masciopinto
John M. Kraft
KULWIN, MASCIOPINTO & KULWIN, LLP
161 N. Clark Street, Suite 2500
Chicago, Illinois 60601
312.641.0300 (Tel.)
312.855.0350 (Fax)
amasciopinto@kmklawllp.com
jkraft@kmklawllp.com
*Attorneys for the Plaintiff Rachel Nelson*