E-FILED
Friday, 14 July, 2017  10:40:10 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RACHEL NELSON, <br>        Plaintiff, <br><br> v. <br><br> CASEY HORNER; <br> SOLUTIONSMOTIONS, INC.; NELS <br> PETER CHRISTENSEN; and <br> THOMPSON LEASING, LLC, <br>        Defendants. | Case No. 4:17-cv-04176-SLD-JEH |

**Order**

The Plaintiff, Rachel Nelson, filed her Complaint on July 13, 2017.  (D. 1).[1] The Plaintiff's Complaint asserts diversity of citizenship as the basis for the Court's jurisdiction.  *Id*. at pg. 2.  The allegations of the Complaint are insufficient to support that assertion.

The court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted). Asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction.  *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief).  The Plaintiff asserts multiple

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

allegations "upon information and belief[]" as the basis for the Court's jurisdiction. (D. 1 at pg. 2). Accordingly, the Plaintiff's Complaint is not sufficient to invoke diversity jurisdiction.

Additionally, for diversity purposes, the citizenship of a limited liability company is the citizenship of each of its members. *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006). The Plaintiff's complaint does not identify the members of the Defendant Thompson Leasing, LLC, or allege the citizenship of those members. Therefore, the Plaintiff's complaint is insufficient to invoke diversity jurisdiction.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. See also, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992)("leave to amend defective allegations of subject matter jurisdiction should be freely given")(citations omitted). The Plaintiff is directed to file an amended complaint that adequately alleges the factual basis for this Court's jurisdiction. Accordingly, it is hereby ORDERED that the Plaintiff file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiff shall properly allege the basis for this Court's jurisdiction.

*It is so ordered.*

Entered on July 14, 2017


s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE