IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

RACHEL NELSON,
    Plaintiff,

v.

CASEY HORNER;
SOLUTIONSMOTIONS, INC.; NELS
PETER CHRISTENSEN; and
THOMPSON LEASING, LLC,
    Defendants.

Case No. 4:17-cv-04176-SLD-JEH

**Order**

    The Plaintiff, Rachel Nelson, filed her Amended Complaint on July 26, 2017. (D. 5).[1] The Plaintiff's Complaint asserts diversity of citizenship as the basis for the Court's jurisdiction. *Id.* at pg. 2. The allegations of the Complaint are insufficient to support that assertion.

    The court may *sua sponte* raise the issue of federal subject matter jurisdiction. *Tylka v. Gerber Products Co.*, 211 F.3d 445, 447 (7th Cir. 2000) (citations omitted). Again, asserting jurisdiction on the basis of "information and belief" is insufficient to invoke diversity jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("to the best of my knowledge and belief" is insufficient to invoke diversity jurisdiction); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (expressing serious doubts as to whether the record could be sustained in the face of a direct jurisdictional attack where diversity jurisdiction was asserted, in part, based upon information and belief). The Plaintiff still asserts an

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

allegation "upon information and belief[]" as the basis for the Court's jurisdiction. (D. 1 at pg. 2). Accordingly, the Plaintiff's Complaint is still not sufficient to invoke diversity jurisdiction.

Additionally, a complaint based on diversity jurisdiction must allege the state of incorporation and principal place of business for each of the named corporations, and those allegations must be based on the state of things at the time the action was brought. 28 USC § 1332(c)(1); *Grupo Dataflux v Atlas Global Group, LP*, 541 US 567, 570-71 (2004). Here, the Plaintiff's Complaint does not allege Defendant Solutionsmotion, Inc.'s principal place of business. Therefore, the Plaintiff's complaint is further insufficient to invoke diversity jurisdiction.

The Court may grant leave to amend defective allegations of subject matter jurisdiction pursuant to 28 U.S.C. § 1653. *See also*, *Leaf v. Supreme Court of State of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992)("leave to amend defective allegations of subject matter jurisdiction should be freely given")(citations omitted). The Plaintiff is directed to file an amended complaint that adequately alleges the factual basis for this Court's jurisdiction. The Court specifically notes that stating where a corporation does *not* have its principal place of business is insufficient. Accordingly, it is hereby ORDERED that the Plaintiff file an Amended Complaint not later than fourteen (14) days from the date of entry of this Order. In the Amended Complaint, the Plaintiff shall properly allege the basis for this Court's jurisdiction.

*It is so ordered.*

Entered on July 27, 2017

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE