IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RACHEL NELSON,<br>    Plaintiff,<br><br>v.<br><br>CASEY HORNER, individually, SOLUTIONSNMOTION, INC., an Illinois Corporation, NELS PETER CHRISTENSEN, individually, and THOMPSON LEASING, LLC, an Iowa Limited Liability Company d/b/a Thompson Idealease,<br>    Defendants. | Case No. 4:17-cv-04176-SLD-JEH |

**Order**

Now before the Court are Defendant Horner's (Doc. 20), Defendant SolutionsNMotion, Inc.'s (Doc. 22), and Defendant Christensen's (Doc. 24) Motions to Strike pursuant to Federal Rule of Civil Procedure 12(f) various paragraphs of Plaintiff Nelson's Third Amended Complaint (Doc. 15). The Motions are fully briefed, and for the reasons set forth below, the Defendants' Motions to Strike are DENIED.[1]

**I**

On August 22, 2017, the Plaintiff filed her Third Amended Complaint under Illinois's Wrongful Death Act. She included a count against Defendant Horner, a count against Defendants SolutionsNMotion (Solutions) and Christensen under a respondeat superior theory, a count for negligent

---

[1] Each of the Defendant's Motions to Strike is sufficiently the same as the others to consider them altogether.

entrustment against Solutions and Christensen, a count for negligent supervision/review against Defendants Solutions and Christensen, and a count for negligent entrustment against Defendant Thompson Idealease. The following allegations contained therein are those the Defendants challenge in their Motions to Strike:

1. While being interviewed by the police shortly after the fatal collision, Defendant Horner expressed concern because he had "smoked some weed about 3 weeks ago" (which was a violation of his conditions of bond in a felony prosecution for aggravated sexual assault of a minor, then pending in Henry County, Illinois). At this time, Defendant Horner further expressed concern that alcohol he drank the night before the collision might still be in his system. Count 1, ¶17; Count 2, ¶17.

2. Pursuant to 49 C.F.R. §391.25, it was then and there the duty of Defendant Solutions and Defendant Christensen to also conduct an annual inquiry and review of Defendant Horner's overall driving record, his regard for the public's safety, involvement in motor vehicle accidents, and violations of traffic, criminal, and other laws. Count 3, ¶33; Count 4, ¶43.

3. In disregarding the aforesaid duties, Defendant Solutions and Defendant Christensen, and each of them, were then and there guilty of one or more of the following negligent acts and omissions and breaches by entrusting a semi-trailer truck to Defendant Horner, on their behalf, even though they knew, or by the exercise of reasonable diligence could have known, that Defendant Horner was particularly unfit to be entrusted with a semi-trailer truck given his habitual disregard for the rule of law, to wit:
    a. In 1996, pleading guilty and being convicted in Henry County, Illinois for driving his motor vehicle 11-14 mph over the posted speed limit;
    b. In 1998, pleading guilty and being convicted in Henry County, Illinois for driving his motor vehicle 15-20 mph over the posted speed limit;
    c. In 2006, pleading guilty and being convicted in Henry County, Illinois for operating a motor vehicle without insurance;
    d. In 2008, having body attachment issued for failing to pay child support;

e. In 2009, being sentenced to 30 days in custody for failing to pay child support before paying in full on the morning his sentence was to begin;
f. In 2009, being ticketed in Henry County, Illinois for driving his motor vehicle 15-20 mph over the speed limit;
g. In 2012, being arrested in Marshall County, Illinois for leaving the scene of an accident, failing to report property damage, hit and run, improper lane usage, failure to give notice, and failure to reduce speed;
h. In 2014, being arrested and charged in Henry County, Illinois with aggravated sexual assault of a minor; bond set at $50,000 with various conditions of bond pending trial, which trial was continued from time to time through the October 11, 2016 fatality at issue here and was still pending in July 2017 as of the filing of the original complaint;
i. In August 2015, filing by Petitioner RB of stalking/no contact petition against Defendant Horner;
j. In October 2015, filing by Petitioner LS of emergency stalking/no contact petition against Defendant Horner, petition granted, order entered;
k. In October 2015, filing by Petitioner RB of stalking/no contact petition against Defendant Horner, petition granted, order entered;
l. In November 2015, filing by State of Illinois of complaint against Defendant Horner for violating stalking/no contact order, in proceeding 2015 CM 317;
m. In February 2016, having a bench warrant issued for failing to appear in Court for alleged violation of stalking/no contact order;
n. In April 2016, filing by Petitioner LS of stalking/no contact petition, petition granted, order entered;
o. In August 2016, pleading guilty to violation of stalking/no contact order in November 2015; fines and costs assessed, time served, conditional discharge for 1 year to expire August 16, 2017; and
p. Being a known user of illegal narcotics, including admitting to police after the fatal crash of Decedent Daniel Nelson on October 11, 2016 that he had "smoked some weed about 3 weeks ago" (which was a violation of his conditions of bond in a felony prosecution for the aggravated sexual assault of a minor, then-pending in Henry County, Illinois). Count 3, ¶34(a)-(f), (h), (n)-(v); Count 4, ¶44(a)-(f), (h), (n)-(v).

The Defendants each essentially argue that the above allegations are immaterial, impertinent, and scandalous. In her Combined Response (Doc. 33) to the Defendants' Motions to Strike, the Plaintiff argues that the Defendants fail to show that any of her allegations are immaterial, impertinent, or scandalous as required by Rule 12(f) and have failed to establish any undue prejudice as required by Rule 12(f).

II

Federal Rule of Civil Procedure 12(f) provides that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they potentially serve only to delay. *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Thus, motions to strike are usually denied "unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992).

Here, discovery has not yet commenced and another Defendant's Motion to Dismiss a count of the Plaintiff's Third Amended Complaint remains pending. The case's progression through discovery and the dispositive motion stage may make the dispute over the inclusion of the identified paragraphs and sub-paragraphs of the Third Amended Complaint entirely moot. Moreover, there are tools available to the parties (e.g. motions in limine) should they continue to dispute the particular allegations of the Complaint at a later stage in this case. Because of the early stage of this case, the Court cannot determine with absolute certainty whether the identified paragraphs and sub-paragraphs have no possible relation to the controversy. The early stage of this case also prevents the Court from concluding that certain of the identified paragraphs and sub-paragraphs are clearly prejudicial. Indeed, the Defendants' concerns about

4

"mini-trials," the risk of confusing the jury, and the revelation of scandalous allegations that could preclude a fair trial are all premature.

### III

For the foregoing reasons, the Defendants' Motions to Strike (Docs. 20, 22, 24) are DENIED.

*It is so ordered.*

Entered on October 31, 2017.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE