IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RACHEL NELSON, as the Personal Representative and Special Administrator of the Estate of Daniel Nelson, Deceased,<br>    Plaintiff,<br><br>v.<br><br>CASEY HORNER, individually, et al.,<br>    Defendants. | Case No. 4:17-cv-04176-SLD-JEH |

**Order**

Now before the Court is the Plaintiff Rachel Nelson's Motion for Leave to File Fifth Amended Complaint (Doc. 85) and Defendant Thompson Leasing, LLC's Resistance to Plaintiff's Motion for Leave to File Fifth Amended Complaint (Doc. 87). For the reasons set forth below, the Plaintiff's Motion for Leave to File Fifth Amended Complaint is GRANTED.

**I**

The Plaintiff filed this case on July 13, 2017 against several Defendants including Defendant Thompson Leasing, LLC, an Iowa Limited Liability Company d/b/a Thompson Idealease (Thompson Leasing) under the Illinois Wrongful Death Act. Plaintiff Nelson, as the personal representative and special administrator of her husband's estate, alleged that Defendant Casey Horner drove a semi-trailer truck into the wrong lane of traffic which then collided with decedent Daniel Nelson's truck, causing Daniel's death. On December 14, 2017, a discovery schedule was set in this case and included a discovery deadline of March

19, 2019 and a dispositive motion deadline of May 14, 2019. On May 30, 2018, the Plaintiff filed her Fourth Amended Complaint (Doc. 67) following the Court's denial of Defendant Thompson Leasing's combined Motion to Dismiss and Motion to Strike. On August 24, 2018, the Court granted the Plaintiff's unopposed motion to extend the deadline to join additional parties to September 18, 2018.

On September 18th, the Plaintiff filed the instant Motion for Leave to File Fifth Amended Complaint. In it, she states that the parties recently completed oral discovery and based upon the recent depositions of representatives of Defendant Thompson Leasing, Plaintiff Nelson has discovered that an additional party – Thompson Truck & Trailer (Thompson Truck) – should be added to her Complaint.[1] She contends that Thompson Truck and Thompson Leasing should be considered one and the same entity under an alter ego theory.

## II

### A

Plaintiff sought leave to file her amended complaint pursuant to Federal Rule of Civil Procedure 15. Rule 15(a)(2) provides in relevant part that the Court should freely give leave to a party to amend its pleading "when justice so requires." FED. R. CIV. P. 15(a)(2). However, leave to amend may be denied where there is undue delay, bad faith on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party if the amendment is allowed, or futility. *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citations omitted).

Here, Defendant Thompson Leasing argues the Plaintiff's proposed fifth amended complaint does not make any allegation that Thompson Leasing was an

---

[1] She also states that her proposed fifth amended complaint modified "a relatively small number of previously asserted allegations to conform to the discovery taken to date." (Doc. 85 at pg. 2). As Defendant Thompson Leasing takes no issue with those amendments in its Response in opposition, the Court will not consider them.

2

entity created on behalf of Thompson Truck merely to deceive, defraud, or avoid liability to third parties. Thompson Leasing argues that, instead, the Plaintiff simply asserts that the two entities share certain personnel and facilities and such allegations are insufficient to prove Thompson Leasing is a mere alter ego. Thompson Leasing further argues that the Plaintiff specifically relies upon written rental agreements executed between Thompson Leasing and Defendants Solutions and/or Christensen, there is no mention of Thompson Truck anywhere in the written agreements, there have not been any claims raised by any parties that Thompson Truck actually owned and/or leased the semi-tractor at issue in this case, and there is no evidence supporting that Thompson Truck bears any liability to the Plaintiff for the incident involved in this case. Thompson Leasing asserts that the only substantive involvement Thompson Truck is alleged to have in this matter is that it owned the dealership in Sterling, Illinois where the semi-tractor was picked up approximately one month before the accident. *See* Plf's proposed Fifth Am. Compl. (Doc. 83 at pg. 3) (alleging that Thompson Truck "conducts business operations in Illinois through a dealership located in Sterling, Illinois which is dealership involved in the facts and circumstances at issue in this case"). It thus appears that Defendant Thompson Leasing contests the Plaintiff's Motion for Leave to amend on the basis that any amendment to add Thompson Truck on an alter ego theory of liability would be futile.

**B**

In its Response to the Plaintiff's Motion for Leave to amend, Defendant Thompson Leasing points out that because this is a diversity case, the substantive law of the state of Illinois applies. *See Land v. Yamaha Motor Corp.*, 272 F.3d 514, 516 (7th Cir. 2001) (explaining a federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits and must also apply the conflicts rules of the forum state), *citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)

3

*and Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941). Thompson Leasing then proceeds to argue why the Plaintiff's proposed fifth amended complaint fails to adequately allege an alter ego theory of liability under Illinois's alter ego doctrine and the factors Illinois courts consider in determining whether to pierce the corporate veil. However, Illinois applies the law of the state of incorporation for veil piercing claims. *Wachovia Secs., LLC v. Banco Panamericano, Inc.*, 674 F.3d 743, 751 (7th Cir. 2012), *citing Retzler v. Pratt & Whitney Co.*, 723 N.E.2d 345, 354 (Ill. App. Ct. 1999). In this case, Thompson Leasing is an Iowa limited liability company and Thompson Truck was incorporated in Delaware. Thus, Illinois's alter ego doctrine does not apply to the question of whether the amendment the Plaintiff seeks to make is futile. Whether Iowa, Delaware, or both states' laws should be considered to determine whether the Plaintiff sufficiently alleges an alter ego theory of liability is not a question this Court must answer at this time because the Defendant only made arguments with respect to Illinois law.

In the end, the Court cannot say the addition of Thompson Truck as a defendant is futile as Thompson Leasing has only argued it would be under Illinois law, which is inapplicable under these circumstances. The federal courts require only notice pleading. *See Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017); *Olson v. Bemis Co., Inc.*, 800 F.3d 296, 304 (7th Cir. 2015) ("Notice pleading requires the plaintiff's complaint to allege sufficient facts to state a claim for relief that is plausible on its face"), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, the Plaintiff's proposed fifth amended complaint gives the Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's Motion for Leave to amend must be granted. Whether Thompson Leasing can ultimately prevail on an alter ego theory of liability is a question for a later day.

## III

For the foregoing reasons, the Plaintiff's Motion for Leave to File Fifth Amended Complaint (Doc. 85) is GRANTED. The Plaintiff's previously filed Fifth Amended Complaint (Doc. 83) is now the controlling complaint in this case.

*It is so ordered.*

Entered on October 11, 2018.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE